UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LAWRENCE MOORE,            )
                           )
         Plaintiff,        )      Case No. 1:13-cv-128
                           )
v.                         )      Honorable Robert Holmes Bell
                           )
CAPITAL ONE SERVICE, LLC,  )
                           )      **REPORT AND RECOMMENDATION**
         Defendant.        )
_____)

This is a civil action brought by a *pro se* plaintiff for alleged violations of the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681-1681x. Plaintiff initiated this action by filing a handwritten, *pro se* complaint in the Ottawa County Circuit Court. By notice of removal dated February 5, 2013, defendant Capital One Service, LLC removed the case to this court pursuant to 28 U.S.C. § 1441(a) on the basis of federal question jurisdiction.

Presently pending before the court is defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. (docket # 4). District Judge Robert Holmes Bell has referred the matter to me for all pretrial purposes, including the filing of a report and recommendation on dispositive matters. (Order of Reference, docket # 5). Plaintiff has responded to the motion to dismiss. As the motion raises a purely legal argument, I conclude that oral argument would not be helpful. *See* W.D. MICH. LCIVR 7.2(d). Upon review of plaintiff's complaint, I conclude that it fails to state a claim against Capital One under the FCRA and recommend that the motion to dismiss be granted.

**Applicable Standard**

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 S. Ct. 1937, 1951 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*, 552 F.3d at 434. "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that

is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

### **Allegations of Complaint**

The substantive allegations of plaintiff's complaint are contained in a one-page handwritten statement. (ID# 9). Although plaintiff's allegations are far from clear, it appears that he is aggrieved on account of a "lie" that defendant "told to the credit bureau almost three years ago' concerning a credit card account. Plaintiff asserts that the account was paid in full every month but that defendant wrongly concluded that plaintiff was in arrears. As a result of the allegedly false report by defendant to the credit bureau, plaintiff was turned down for a car loan and a mortgage loan. The complaint repeats the allegation that defendant "lied" about the outstanding balance on his credit card, and seeks an award of $250,000.00 in damages.

**Discussion**

Plaintiff's claim is brought pursuant to the FCRA, which regulates credit reports, provides guidelines for credit reporting agencies and for entities that furnish consumer information to credit reporting agencies, and provides other protections for consumers. *See* 15 U.S.C. § 1681(a). The statute principally regulates three kinds of businesses: (1) credit reporting agencies; (2) users of consumer reports; and (3) furnishers of information to credit reporting agencies. *See Ruggiero v. Kavlich*, 411 F. Supp. 2d 734, 736 (N.D. Ohio 2005).

In this case, the court may assume that plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c). Plaintiff does not allege that the defendant is a credit reporting agency, that is, a business that "furnishes consumer reports to third parties." 15 U.S.C. § 1681a(f). Plaintiff's complaint, at least by inference, asserts that defendant is a company that furnishes information to credit reporting agencies. Although the statute does not expressly define the term "furnishers" of information, the courts have adopted a common sense definition: "any entity which transmits information concerning a particular debt owed by a particular customer to consumer reporting agencies." *Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496, 501 (W.D. Tenn. 1999). Indeed, the gravamen of plaintiff's complaint seems to be that defendant provided false information to a "credit bureau."

The FCRA imposes a duty upon furnishers of credit information to report accurate information to consumer reporting agencies regarding a consumer's credit. 15 U.S.C. § 1681s-2(a)(1)(A). The courts universally hold, however, that a consumer has no private cause of action for a violation of a furnisher's duty to report truthful information. *See Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615-16 (6th Cir. 2012); *Bach v. First Union Nat'l Bank*, 149 F. App'x 354, 358-59

(6th Cir. 2005); *Ruggiero*, 411 F. Supp. 2d at 736. Enforcement of the duty to provide accurate information is expressly limited by the statute to specific federal agencies and officials. 15 U.S.C. § 1681s-2(d). Consequently, plaintiff's complaint fails to state a claim upon which relief can be granted under the FCRA. Plaintiff alleges only that defendant provided inaccurate information (in plaintiff's words, "lies") to a credit reporting agency. This allegation, standing alone, states no claim under the FCRA.

With regard to entities that furnish credit information, the only private cause of action under FCRA for consumers is for violation of the furnisher's duty to undertake an investigation upon receipt of a notice of dispute from a consumer reporting agency, under section 1681s-2(b). *See Boggio*, 696 F.3d at 615-16; *Bach*, 149 F. App'x at 358. The Sixth Circuit has held that a private right of action exists under this section only if plaintiff shows that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed. *See Boggio*, 696 F.3d at 615-16; *Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 853-54 (6th Cir. 2004). Consequently, to state a claim, plaintiff must allege that he complained to a credit reporting agency, that the credit reporting agency notified defendant of the dispute, and that defendant failed to conduct a reasonable investigation or other specific duty established by the FCRA. *See Boggio*, 696 F.3d at 616-18; *Ogle v. BAC Home Loans Servicing LP*, Nos. 2:11-cv-540, 745, ___ F. Supp. 2d ___, 2013 WL 592303, at * 7 (S.D. Ohio Feb. 14, 2013); *Farris v. Morgan Stanley Dean Witter Credit Corp.*, No. 08-cv-11851, 2010 WL 3023808, at * 5 (E.D. Mich. July 29, 2010). Although plaintiff asserts, albeit inferentially, that he complained to defendant, he does not allege that defendant received notification from a credit reporting agency concerning the existence of a dispute. In such

circumstances, no duty of investigation is triggered under FCRA, and no private right of action exists.

In his response to defendant's motion to dismiss, plaintiff does not address any of the issues raised in the motion. Rather, he complains about the decision of defendant to remove the case to federal court and implies that defendant failed to file its answer in state court in a timely fashion. Under Fed. R. Civ. P. 81(c)(2), defendant was required to respond to the complaint within seven days of filing its notice of removal. Defendant's motion to dismiss was filed within this time period. Therefore, plaintiff's argument on this score is not meritorious. In any event, neither plaintiff's complaint nor his response contains any allegation of a viable claim under the FCRA.

**Recommended Disposition**

Accepting all of plaintiff's factual allegations as true, I conclude that the complaint fails to state a claim upon which relief can be granted under the Fair Credit Reporting Act. I therefore recommend that defendant's motion to dismiss (docket # 4) be granted.

Dated: February 26, 2013         /s/ Joseph G. Scoville
                                 United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).